UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                    )
THOMAS G. PARRIS, JR.,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   C.A. 10-521 S
WOMEN & INFANTS HOSPITAL OF         )
RHODE ISLAND,                       )
                                    )
        Defendant.                  )
_____ )
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant's motion to dismiss. For the reasons set forth below, the motion is denied.

I.  BACKGROUND

Plaintiff Thomas G. Parris, Jr. ("Parris") served for over three decades as a top executive at Defendant Women & Infants Hospital of Rhode Island (the "Hospital") and, according to the Complaint, oversaw its transformation from a secondary treatment facility into a leading institution for women's healthcare. Parris brought suit under ERISA alleging that the Hospital is improperly withholding some of the post-retirement compensation to which he is entitled under various contracts and plans. The Hospital moved to dismiss on the grounds that Parris failed to

exhaust his administrative remedies and failed to submit to arbitration.

The Court held a hearing on the motion to dismiss on April 26, 2011. Subsequently, pursuant to negotiations and several in-chambers conferences, the parties agreed to resolve the administrative exhaustion issue without the involvement of the Court. Accordingly, the only issue remaining to be decided by the Court on this motion is whether Parris was required to resort to arbitration.

II. DISCUSSION

For the purposes of this motion, there are three contracts at issue: (1) the Supplemental Executive Retirement Plan (the "Plan") instituted by the Hospital in 1987 to provide Parris and other high-level executives with post-retirement compensation;[1] (2) an employment agreement (the "Employment Agreement") signed by the parties on January 5, 2000 and effective as of June 1, 1999; and (3) a termination agreement (the "Termination Agreement") entered into by the parties on June 19, 2007.

Section 11 of the Employment Agreement provides: "Should any dispute arise hereunder, it shall be resolved by binding arbitration" under specified procedures. The Termination Agreement (at § 1) terminates parts of the Employment Agreement,

---

[1] This Plan subsequently went through a series of amendments, but they are immaterial to the present motion, so it will be simply referred to as the "Plan."

2

but provides in Section 6 that Section 11 of the Employment Agreement survives this termination. Section 6 of the Termination Agreement provides, in pertinent part:

> Unless a court of competent jurisdiction shall determine that a claim under the Employment Agreement is governed by the provisions of the Employees Retirement Income Security Act of 1974 and not subject to the provisions of Section 11 of the [Employment] Agreement, any dispute between the parties relating to this Agreement, the Employment Agreement, or the Insurance Program shall be resolved by arbitration in accordance with the provisions of Section 11 of the [Employment] Agreement.

The Hospital contends that these provisions require Parris to seek relief by arbitration, not litigation. Parris retorts that arbitration is not required because (1) this dispute arises not under the Employment Agreement but under the Plan itself and (2) Section 6 of the Termination Agreement carves out ERISA claims from the arbitration provision in Section 11 of the Employment Agreement.

Parris's first argument is without merit. Section 4(f) of the Employment Agreement specifically incorporates the Plan, so any dispute arising under the Plan also arises under the Employment Agreement; thus, the Employment Agreement's requirement to arbitrate disputes arising "hereunder" also applies to disputes arising under the Plan.[2]

---

[2] Indeed, Parris does not challenge the Hospital's argument on this point, but merely contends that even if his first argument is wrong, his second argument is not. (Opp'n 11 ("If

The second argument is more serious. Parris interprets the above-quoted provision of the Termination Agreement to mean that all ERISA claims are excluded from the arbitration requirement. Thus, according to Parris, since the Complaint alleges an ERISA claim (a characterization which the Hospital does not dispute), the arbitration requirement does not apply to the Complaint. (Opp'n 11.) The Hospital disputes this interpretation, contending instead that Section 6 means that "any dispute related to the Plan will be governed by the arbitration provision unless ERISA somehow precluded the enforcement of the arbitration provision." (Reply 3-4.)

It is difficult to resolve this dispute, because Section 6 is less than pellucid. Again, it provides that a claim is subject to arbitration "[u]nless a court of competent jurisdiction shall determine that [the] claim . . . is governed by the provisions of [ERISA] <u>and</u> not subject to the provisions of Section 11 of the [Employment] Agreement . . ." (emphasis added). Parris's interpretation that this provision exempts <u>all</u> ERISA claims from arbitration is subject to the criticism that it renders the quoted portion after the "and" superfluous. This

---

it is true, as the Hospital argues, that a claim arising from the ERISA Plan arises also under the Employment Agreement through its incorporation provision . . ., the Termination Agreement exempts such a claim from arbitration if it is determined that the claim is governed by ERISA.").)

4

criticism is not without force; however, perhaps Parris's interpretation can be read more charitably, not so much to render the words after the "and" superfluous, but simply as interpreting the "and" as an "and hence." That is, a claim is subject to arbitration "[u]nless a court of competent jurisdiction shall determine that [the] claim . . . is governed by the provisions of [ERISA] and [hence] not subject to the provisions of Section 11 of the [Employment] Agreement . . . ."

This interpretation is not perfect, but it beats the Hospital's alternative interpretation, which is simply nonsensical. The Hospital says this provision means that a claim is arbitrable "unless ERISA somehow precluded the enforcement of the arbitration provision" (Reply 4), but then goes on to say that ERISA does not preclude arbitration (id.).[3] Under the Hospital's interpretation, then, Section 6 means that "all claims are arbitrable except that ERISA claims may not be arbitrable but actually they too are arbitrable." This simply makes no sense. If Parris's interpretation renders part of the key sentence superfluous, the Hospital's reading renders all of it a nullity. As between two unsatisfactory interpretations of

---

[3] The Hospital's argument, relying on Williams v. HealthAlliance Hosps., Inc., 158 F. Supp. 2d 156, 161 (D. Mass. 2001), that ERISA itself does not exempt ERISA claims from arbitration is beside the point. Parris does not claim that ERISA exempts his Complaint from arbitration; he claims that Section 6 of the Termination Agreement exempts his Complaint from arbitration.

5

a poorly drafted provision, Parris's is preferred as the lesser of two evils.

In reaching this decision, the Court has not lost sight of the presumption in favor of arbitrability. As the Supreme Court has held,

> it has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (internal quotations and citation omitted). This undoubtedly militates against adopting Parris's interpretation, given that it is far from foolproof.

On the other hand, the alternative of adopting the Hospital's meaningless interpretation in order to find arbitrability is a bridge too far. If the parties had intended to make all ERISA claims arbitrable (like all other claims), they would not have put in the pertinent provision in Section 6 at all; they would have simply said that all disputes are arbitrable. So, the Court is left with Parris's imperfect but quite plausible interpretation, and the bottom line is that Parris was not required to resort to arbitration.

III. CONCLUSION

For the foregoing reasons, the Hospital's motion to dismiss is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: September 21, 2011